IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA BLINKHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. _____ |
| FERRELL INTEREST, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, JESSICA BLINKHORN, by and through the undersigned counsel, and files this, her Complaint against Defendant FERRELL INTEREST, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2. Plaintiff JESSICA BLINKHORN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

3. Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

4. Plaintiff uses a wheelchair for mobility purposes.

5. Defendant FERRELL INTEREST, LLC (hereinafter "Defendant") is a Georgia limited liability company, and transacts business in the state of Georgia and within this judicial district.

6. Defendant may be properly served with process via its registered agent for service, to wit: John S. Ferrell, 224 Ponce de Leon Avenue, N.E., Atlanta, Georgia 30308.

## FACTUAL ALLEGATIONS

7. On or about July 28, 2016, Plaintiff was a customer at "Mary Mac's Tea Room," a business located at 224 Ponce De Leon Avenue, N.E., Atlanta, Georgia 30308, referenced herein as the "Facility."

8. Defendant is the owner and/or operator of the real property and improvements that the Facility is situated in and is the subject of this action, referenced herein as the "Property."

9. Plaintiff lives in the near vicinity of the Facility and Property.

10. Plaintiff's access to the businesses located at 224 Ponce De Leon Avenue, N.E., Atlanta, Georgia 30308, Fulton County Property Appraiser's parcel number 14 004900100325 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

11. Plaintiff intends to visit the Facility and Property within six months, or sooner, to purchase goods.

12. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six months, or sooner, once the Facility and Property are accessible again.

13. In this instance, Plaintiff travelled to the Facility and Property as a

customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

14. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*.

15. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing

        facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

16.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    \* \* \* \* \*

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

17.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

18.     The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

19.     The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

20.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.

21.     Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 1281, *et seq*., and 28 C.F.R. §36.508(a).

22.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

23.     The Property must be, but is not, in compliance with the ADA and ADAAG.

24.     Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities due to the physical barriers to

access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

25. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), and will continue to discriminate

against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

27. Defendant has discriminated against Plaintiff by failing to comply with the above requirements.

28. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of her disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include, but are not limited to:

**(a)   ACCESSIBLE ELEMENTS:**

(i)   The total number of accessible parking spaces is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards.

(ii)   One or more accessible parking spaces are missing proper identification signs, in violation of section 502.6 of the 2010 ADAAG standards.

(iii)   At least one accessible parking space has a cross-slope in

excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards, and is not level.

(iv) There is at least one accessible parking space that does not have a properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(v) One or more accessible parking spaces is not located on the shortest accessible route from the accessible parking space to the accessible entrances of the Facility and/or Property, in violation of section 208.3.1 of the 2010 ADAAG standards.

(vi) The doorway of the accessible entrance is not level, in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vii) The front door has improper hardware installed, in violation of section 309.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii) The accessible entrance has a doorway that is not wide enough due to a policy of keeping one of the double doors locked, and is in violation of section 404.2.3 of the 2010 ADAAG

standards. This violation made it difficult and dangerous for Plaintiff to access the interior of the property.

(ix) There are multiple accessible routes in the Facility that have a rise greater than 6 inches but do not have handrails complying with section 505 of the 2010 ADAAG standards, constituting a violation of section 405.8 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(x) The walking surfaces of the accessible route in the Facility have excessive slope in violation of section 403.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior features of the Facility.

(xi) There are changes in level in Facility exceeding ½ (one half) inch that are not ramped, in violation of section 303.4 of the 2010 ADAAG regulations. This includes, but is not limited to access to the "Ferrell Room." This violation made it dangerous and difficult for Plaintiff to access the interior features of the Facility.

(xii) The Facility lacks an accessible route connecting all accessible elements and features within the Facility, in violation of section 206.2.4 of the 2010 ADAAG regulations. Specifically, access to the Ferrell Room and its restroom is not provided to disabled patrons. This violation made it difficult for Plaintiff to access public features of the Facility.

**(b)   RESTROOMS:**

(i) The Facility lacks restrooms signage in compliance with sections 216.8 and 703 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to locate accessible restroom facilities.

(ii) The door exiting the restroom of the Facility lacks a proper minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iii) Restrooms in the Facility have a sink and/or vanity with inadequate knee and toe clearance, in violation of section 306 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv) The accessible toilet stalls in the restrooms of the Facility have grab bars adjacent to the commode that are not in compliance with section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v) The distance of the centerline of the toilet is not adequately positioned from the sidewall or partition positioning, in violation of 604.2 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vi) The hand operated flush control is not located on the open side of the accessible stall in the restrooms of the Facility, in violation of section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vii) The height of coat hook located in accessible restroom stall is above 48" from the finished floor, in violation of section 308.2.1 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to utilize the restroom facilities.

29. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility

and Property.

30. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

31. All of the above violations are readily achievable to modify in order to bring the Facility and Property into compliance with the ADA.

32. The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

33. Upon information and good-faith belief, the Facility and Property has been altered since 2010.

34. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 18 can be applied to the 1991 ADAAG standards.

35. Plaintiff has attempted to gain access to the Facility and Property in her capacity as a customer, but because of her disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA

violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiff's disabilities, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

36.   The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. §36.304.

37.   Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiff and the public far outweighs any detriment to Defendant.

38.   Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendant.

39. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: August 29, 2016.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich

>Georgia Bar No. 242240
>Ehrlich & Schapiro, LLC
>2300 Henderson Mill Road, Suite 300
>Atlanta, Georgia 30345
>Tel: (404) 365-4460
>Fax: (855) 415-2480
>craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

>Respectfully submitted,
>
>/s/Craig J. Ehrlich
>Craig J. Ehrlich

16